## D. W. C. RUFF v. MANHATTAN OIL COMPANY.[1]

June 6, 1930.

No. 27,912.

*Thompson, Hessian & Fletcher* and *John J. McKasy,* for appellant.
*Stinchfield, Mackall, Crounse & McNally,* for respondent.

HILTON, J.

Plaintiff appeals from an order denying his motion for a new trial. This is an action to reform a contract and to make it conform to the alleged true intent of the parties and for its specific performance as so reformed. The case was tried to the court without a jury; findings were made in favor of defendant and judgment ordered pursuant to the conclusions of law.

After certain negotiations had been had a written agreement was made between the Manhattan Oil Company (party of the first part)

[1]Reported in 231 N. W. 200.

a Delaware corporation, and William Jacobson (party of the second part) who was president of the Pyramid Oil Company, a South Dakota corporation. This agreement contained the following provision:

"Whereas the party of the first part is desirous of purchasing a majority of the outstanding common capital stock of the Pyramid Oil Company, * * * and the party of the second part desires to sell and legally assign to the party of the first part, common capital stock of the Pyramid Oil Company in an amount of at least fifty-five per cent (55%) of the twenty-eight hundred (2,800) shares of said stock now issued and outstanding, together with as much more of said outstanding stock as he can obtain."

The basis for the exchange was an allowance of $100 per share for the Pyramid stock and $117.65 per share for the Manhattan stock. It was further provided that if Jacobson was unable to deliver and legally assign 55 per cent of the capital stock of the Pyramid company within 30 days from the date of the contract then it should become null and void.

Sixty-nine per cent of the Pyramid stock was turned over to and accepted by the Manhattan company, and the necessary exchange of stock was made. Plaintiff is one of 40 stockholders owning the remaining 31 per cent of the Pyramid stock; he owns 38 shares of said stock. The Manhattan company refused to take over any more Pyramid stock, and 40 separate actions were brought to compel it to do so. The present case was tried with the result hereinbefore indicated.

The first complaint was based upon the contract above mentioned. Afterward an amended complaint was served in which it was alleged that there was an oral agreement preceding the written one, and a reformation of the contract previously sued upon was asked for on the grounds that there were mistakes, inadvertencies, or other errors or misunderstandings as to the terms of the contract.

Plaintiff's theory is that the contract in question was made by Jacobson, not only for himself but as the agent of each of the stockholders of the Pyramid company. Thus claiming, he contended that

it was incumbent upon the Manhattan company to take his stock.

The court found that no oral or written contract was at any time made by Jacobson either for himself or anyone else with the defendant other than the written contract; that it was the only one made and that there were no mistakes, inadvertencies, or other errors or misunderstandings as to the terms thereof. As conclusions of law the court found: (1) That plaintiff was at no time a party to said contract and had no right to sue thereon or ask that the same be reformed; (2) that said contract was not made for the benefit of the plaintiff or any other stockholder of the Pyramid company or on behalf of any other person or corporation and was made only with and for the benefit of the defendant and Jacobson; (3) that the contract was not made by Jacobson as the agent or representative of the plaintiff, or any other stockholder of the Pyramid company, or any other person or corporation; (4) that the contract was the only contract made by defendant with relation to the matter set forth in the pleadings; that there was no error, mistake, inadvertence, omission or misunderstanding with relation to the execution or delivery of the contract; (5) that the contract be not reformed nor specifically enforced; and (6) that the action be dismissed.

There was conflict in the evidence. A full recital of the evidence will serve no useful purpose. It was ample to support the findings of the trial court and the conclusions properly drawn therefrom. Applying the familiar rule relative to the effect to be given the findings of the trial court, its findings here must be sustained. 1 Dunnell, Minn. Dig. (2 ed.) § 411. Having reached this conclusion, it is unnecessary to touch upon other propositions advanced by plaintiff.

Order affirmed.